UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTUMN CAMBRON,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>SCALE SOCIAL, INC. and RALPH D. GRAMAJO,<br><br>　　　　　　　　　Defendants. | Case No.: 24-cv-2498-CAB-VET<br><br>**ORDER DENYING GRAMAJO'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; SCHEDULING ORDER**<br><br>[Doc. No. 5] |

　　　Defendant Scale Social, Inc. ("Scale Social") and Defendant Ralph D. Gramajo ("Gramajo") filed a motion to stay this matter pending arbitration. [Doc. No. 5.] Gramajo also moved to dismiss for lack of personal jurisdiction over himself. [*Id.*] For the reasons outlined below, the Court **DENIES** Gramajo's motion and **ORDERS** a telephonic status conference to discuss the posture of the parties' arbitration.

　　　"When no federal statute governs personal jurisdiction, the district court applies the law of the forum state." *Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). "California's long-arm statute is co-extensive with federal standards, so a federal court may exercise personal jurisdiction if doing so comports with federal constitutional

due process." *Id.* at 1320.  A plaintiff may establish personal jurisdiction by demonstrating that a court has either general jurisdiction or specific jurisdiction over the defendant.  *Doe v. Am. Nat. Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997).

The complaint alleges that Scale Social is a corporation organized in California and Gramajo is a resident of Arizona.  [*See* Compl. ¶¶ 3–4.]  As a resident of Arizona, Gramajo is not domiciled in the forum state, and the Court declines to exercise general jurisdiction over Gramajo.  *See Goodyear Dunlop Tires Operations*, *S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile.")  Therefore, Plaintiff must establish specific jurisdiction for this Court to exercise jurisdiction over Gramajo.

In her response to Gramajo's motion, [Doc. No. 22], Plaintiff appears to blend the terminology of general jurisdiction and specific jurisdiction.  Regardless, the Court construes Plaintiff's argument as one for specific jurisdiction and finds that Plaintiff presented sufficient facts in the form of affidavits to establish specific jurisdiction over Gramajo.  *See Data Disc, Inc. v. Systems Technology Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir.1977).

In the Ninth Circuit, courts employ a three-part test to determine whether a defendant's contacts suffice to establish specific jurisdiction: "(1) the nonresident defendant must have purposefully availed himself of the privilege of conducting activities in the forum by some affirmative act or conduct; (2) plaintiff's claim must arise out of or result from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable."  *Roth v. Garcia Marquez*, 942 F.2d 617, 620–21 (9th Cir. 1991) (emphasis omitted).  The plaintiff bears the burden of satisfying the first two prongs, and if they are met, the burden shifts to the defendant "to set forth a compelling case that the exercise of jurisdiction would not be reasonable."  *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011) (internal quotations and citation omitted).

By submitting proper evidence that Gramajo is an agent and officer for Scale Social, [*see* Doc. No. 22-3], conducted business in San Diego, [*see* Doc. No. 22-5], and used a

California bank to conduct business with Plaintiff, [*see* Doc. No. 22-1 at 3], Plaintiff has demonstrated that Gramajo purposefully availed himself of the privilege of conducting business activities in California. *See Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988) (soliciting and conducting business in California can show purposeful availment). Additionally, Plaintiff has established that her claim relates to Gramajo's business activities in California as her manager. As *Ford Motor Co.* makes clear, the plaintiff need not establish "a strict causal relationship between the defendant's in-state activity and the litigation" to satisfy this element. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 362 (2021). At bottom, Defendant ran the business Plaintiff contracted with out of California and controlled critical parts of his business relationship with Plaintiff in this state.

Because Plaintiff has met her burden of satisfying the first two prongs of the Ninth Circuit's test, the Court must still determine whether Gramajo "present[s] a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985). Here, courts are instructed to balance seven factors, with no one factor being dispositive:

> (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1132 (9th Cir. 2002). Gramajo provides reasons the Court should not grant specific jurisdiction in his reply in support of his motion. [Doc. No. 5-4.] Gramajo argues that because Plaintiff has not pled that Gramajo was in California when he made representations to Cambron, he should not be subject to jurisdiction in California. *Id.* at 3. Gramajo also argues that Scale Social availed itself to California law but Plaintiff failed to show how he personally availed himself to California law. *Id.* The Court does not find Gramajo's arguments persuasive

considering the extent to which Gramajo has interjected himself into California's affairs and the minimal burden on Gramajo to defend in this forum. The Court **DENIES** Gramajo's Motion to Dismiss for Lack of Personal Jurisdiction.

Defendants represented that the parties have initiated arbitration. [*See* Doc. No. 4 at 2.] Before the Court addresses any additional pending motions, the Court orders a status update on any ongoing arbitration. The Court sets a telephonic status conference for [**June 25, 2025 at 10AM**]. A minute order will provide dial-in information before the status conference.

It is **SO ORDERED**.

Dated:  June 11, 2025

Hon. Cathy Ann Bencivengo
United States District Judge